CHARLES B. PERKINS (#126942)
  cbperk@earthlink.net
SUSAN D. PELMULDER (#234731)
  sue@pelmulder.com
ROSE PERKINS PELMULDER
A Professional Association
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399 – 4566 voice
(408) 399 – 6683 facsimile

*Attorneys for Plaintiff*
MOJGAN GHOLAMNEJAD

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MOJGAN GHOLAMNEJAD<br><br>                    Plaintiff,<br><br>vs.<br><br>PRUCO LIFE INSURANCE COMPANY,<br><br>                    Defendants. | Case No. 16-cv-6151<br><br>COMPLAINT FOR<br>DECLARATORY RELIEF (Insurance Coverage) and<br>DAMAGES (Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing); and<br>DEMAND FOR JURY TRIAL |

Plaintiff alleges:

### FACTS COMMON TO ALL CAUSES OF ACTION

1.      There is complete diversity between Plaintiff and Defendant and this Court has jurisdiction pursuant to 28 USC § 1332.

2.      Plaintiff Mojgan Gholamnejad, is, and was at all times mentioned herein, a resident of the County of Santa Clara, State of California.

3.      Defendant Pruco Life Insurance Company (hereinafter "Pruco Life") is a

corporation domiciled in the State of Arizona, and carrying out the business of insurance in the State of California.

4.      Plaintiff is informed and believes that Pruco Life is stock company subsidiary of The Prudential Insurance Company of America, a company domiciled in New Jersey, and carrying out the business of insurance in the State of California. To the extent that The Prudential Insurance Company of America and its employees were involved in this matter, they acted on behalf of Pruco Life.

5.      The amount at issue in this matter is in excess of $75,000.00.

6.      Venue is proper under Local Rule 3-2c, as the Plaintiff is a resident of Santa Clara County, the policy at issue was delivered in Santa Clara County, many of the events at issue occurred in Santa Clara County and Pruco Life may be found in this district.

7.      Takashi Motose purchased an individual term life insurance policy from Defendant Pruco Life, with contract date May 9, 2012, and Policy Number L8 814 364, a true and correct copy of which is attached as Exhibit 1 (hereinafter the "Policy"). The Policy provides $700,000.00 payable upon the death of Mr. Motose and names his wife,  Mojgan Gholamnejad, as beneficiary.

8.      On or about June 21, 2012, Mr. Motose executed a request for collateral assignment of the Policy to Business Loan Center, LLC, (hereinafter "Business Loan Center"), as security on a Small Business Administration loan he and his wife assumed in connection with the purchase of a gas station and mini-market. This assignment was acknowledged by Pruco Life's home office by signature dated September 10, 2012, on the collateral assignment form.

9.      On or about September 11, 2012, Pruco wrote a letter to Business Loan Center stating that it had recorded and filed the assignment of Mr. Motose's contract, and identifying Satwinder S. Randhawa as the Pruco Life representative to Business Loan Center.

10.      Plaintiff is informed and believes that Mr. Motose made premium payments as required under the Policy from the date it was issued through at least September 8, 2015.

11.      Plaintiff is informed and believes that premium payment for the Policy was due on September 9, 2015.

12.    In a letter dated September 25, 2015, Pruco Life advised Business Loan Center that it had not received the premium due on the Policy; and "[i]f the premium is not paid by October 10, 2015, the contract will lapse." Pruco Life further advised Business Loan Center, "[t]his notice is being provided only for your information. You are not expected to pay the premium."

13.    In a letter to Mr. Motose dated October 20, 2015, Pruco Life stated that a payment was due on September 9, 2015; and that it "did not receive this payment and as a result, the policy lapsed on October 10, 2015, and no longer provides coverage." The October 20, 2015 letter further advised that Mr. Motose could reinstate his policy without having to answer any health questions by submitting his payment by November 10, 2015.

14.    In a letter dated November 11, 2015, Pruco Life advised Business Loan Center that the premium due was not received and the Policy has lapsed. The November 11, 2015 letter advised Business Loan Center, LLC, that it "may want to get in touch with the policyowner", and that "it may still be possible to restore this valuable insurance protection if reinstatement is applied for now."

15.    On or about November 14, 2015, Mr. Motose died of asphyxia.

16.    Plaintiff is informed and believes that Ciena Capital, LLC, is the servicing agent for Mr. Motose's Small Business Administration loan and authorized to act on behalf of Business Loan Center with regard to the Policy.

17.    On November 19, 2015, Hugh Humphries, Vice President of Ciena Capital, LLC, made a phone call to Satwinder S. Randhawa of Pruco Life on behalf of Business Loan Center. Mr. Humphries inquired about reinstating the Policy, but Ms. Randhawa provided no information regarding where, how or how much to pay to reinstate the policy. Ms. Randhawa advised him to call Mr. Motose's widow.

18.    On November 19, 2015, Mr. Humphries also called Pruco Life at its "800" number, and was advised that a payment on the Policy was being processed.

19.    Ms. Gholamnejad called Pruco Life at its "800" number in November 2015 to make a claim for benefits under the Policy.  She was verbally informed that the Policy was not active and she could not make a claim. She did not receive either a written acknowledgement of her

communication, or a written denial of her claim.

20.     On or about November 24, 2015, and December 18, 2015, Bruce Cornelius, counsel for Business Loan Center and Ciena Capital, LLC, wrote to Pruco Life requesting information and an opportunity to pay the premium and reinstate the policy. Pruco provided copies of its September 25, 2015 and November 11, 2015 letters to Business Loan Center, but declined to provide proof of mailing or any other information.

21.     By January 28, 2016, Pruco Life had verbally informed Mr. Cornelius that it was reconsidering Business Loan Center's claim, but still had not provided a written response.

22.     On or about February 1, 2016, Business Loan Center mailed a letter and a premium payment of $1,398.94 for the Policy to Ms. Randhawa of Pruco Life. Pruco Life negotiated the premium check.

23.     By letter dated February 2, 2016, Pruco Life acknowledged Mr. Cornelius's request for information regarding the Policy. Notwithstanding that Mr. Cornelius represented the assignee of the Policy benefits, Pruco Life asked Mr. Cornelius to "forward to us a letter signed by Takashi Motose's beneficiary confirming your representation and her authorization for us to release the information that you requested to you." Pruco Life refused to communicate further regarding the Policy until such a letter was received.

24.     On or about February 26, 2016, Pruco Life issued a check for $1,398.94 to Business Loan Center LLC, stating that it could not accept the payment on the Policy because the life insurance policy "has ended." Business Loan Center has not negotiated the check issued to it by Pruco Life.

25.     By agreement dated April 28, 2016, Business Loan Center assigned all of its rights to claim and recover benefits under the Policy, as well as any damages caused by Pruco Life, and including its right to sue Pruco Life, to Plaintiff Mojgan Gholamnejad.

26.     By letter dated May 11, 2016, Plaintiff, through her counsel, requested copies of all documents related to the Policy, including all underwriting files, correspondence files including lapse notices, and claim files.

27.     Pruco Life responded by letter dated May 23, 2016, requiring that Plaintiff submit a

subpoena or the Letters of Testamentary and Administration showing appointment as Executor(s) of the estate of Mr. Motose before it would provide any information related to the Policy.

28.     By letter dated July 13, 2016, Plaintiff submitted a written claim for benefits under the Policy. No response was received, and on August 12, 2016, Plaintiff's counsel called Pruco Life. Plaintiff's counsel was informed that a letter dated August 6, 2016 had been sent. By August 30, 2016, Plaintiff had still not received written notice regarding her claim and her counsel again called Pruco Life requesting a written response.

29.     By letter date September 1, 2016, Pruco Life informed Plaintiff: "Our records indicate that this policy lapsed on September 9, 2015 for non-payment of the premium. This policy no longer provides any life insurance protection, has no cash value and cannot be reinstated."

30.     By letter dated September 12, 2016, Pruco Life informed Plaintiff: "Our records indicate that this policy lapsed on September 9, 2015 for non-payment of the premium. This policy no longer provides any life insurance protection, has no cash value. The policy may still be eligible for reinstatement, please contact us at the phone number below."

FIRST CAUSE OF ACTION
(Breach Of Insurance Contract)

31. Paragraphs 1 through 30 above are incorporated herein by this reference.

32. Pruco Life was required to provide notice of pending lapse and termination of the Policy to Mr. Motose, as the named policy owner, and Business Loan Center, as a known assignee, within 30 days after a premium is due and unpaid and at least 30 days prior to the effective date of termination pursuant to California Insurance Code section 10113.71(b).

33. Pruco Life was required to maintain the Policy in force during a 60-day grace period that does not run concurrently with the period of paid coverage, pursuant to California Insurance Code section 10113.71(a).

34. Pruco Life breached its contractual duties under the Policy when it attempted to provide notice to Mr. Motose of impending termination of his Policy on or about October 20, 2015, less than 30 days prior to the date Pruco intended to terminate the policy, and further by

misstating the date of termination of the grace period.

35. Plaintiff is informed and believes, and thereon alleges that the Policy remained in effect pending proper notice to both Mr. Motose and Business Loan Center.

36. Pruco Life breached its duties under the Policy when it failed to credit the payment it told Business Loan Center on November 19, 2015 was in process.

37. On or about February 1, 2016, Business Loan Center made a premium payment sufficient to maintain the Policy in effect through at least November 14, 2015.

38. Due its actions in failing to give proper notice of pending lapse to Mr. Motose and the Business Loan Center, Pruco Life is estopped to deny the premium payment by Business Loan Center was too late to maintain the Policy in effect through at least November 14, 2015.

39. By the actions described above, Pruco Life breached its contractual duties to Plaintiff as both the intended beneficiary of the Policy and assignee of Business Loan Center's rights and claims under the Policy.

40. As a direct and proximate result of the above described breaches of contract by Pruco Life, Plaintiff has been injured in a sum representing the benefits due her plus interest thereon.

41. As a further direct and proximate result of said breach of contract by Defendant, Plaintiff has suffered and will continue to suffer consequential damages in an amount to be shown according to proof at trial.

42. Mr. Motose purchased life insurance to give Plaintiff peace of mind in the event that he died. Plaintiff has suffered general damages in an amount to be proven at trial due to Defendant's wrongful refusal to pay her life insurance benefits.

## SECOND CAUSE OF ACTION
### (Breach Of The Duty Of Good Faith And Fair Dealing)

43. Paragraphs 1 through 30, and 32 through 42, above are incorporated herein by this reference.

44. In committing the acts and omissions further set forth in this Complaint, Pruco Life has acted unreasonably, thereby breaching the duty of good faith and fair dealing owed to Plaintiff. Plaintiff contends that, among others, the following acts or failures to act by Pruco Life

were unreasonable: refusing to communicate with the beneficiaries of Mr. Motose's life insurance policy without providing unnecessary authorizations, and refusing to investigate and respond in writing to either Ms. Gholamnejad's claim or Business Loan Center's claim as required under California Fair Claims Settlement Practices Regulation Section 2695.5, with the intent to discourage Ms. Gholamnejad from making a claim and to deny both claims.

45. Plaintiffs are informed and believe and thereon allege that Pruco Life breached the duty of good faith and fair dealing by committing other acts and omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of this court to amend this Complaint at such time as she discovers the other acts and omissions of Pruco Life constituting such breach.

46. As the result of Defendant's unreasonable and wrongful conduct, Plaintiff was required to obtain the services of legal counsel; Plaintiff seeks her reasonable attorney's fees under *Brandt v. Superior Court*.

47. As a direct and proximate result of Pruco Life's wrongful conduct, Plaintiff has been deprived of timely payment of the sums due her, and has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses causing Plaintiff to suffer general and special damages, in an amount to be proved at trial, but in all events greater than the jurisdictional minimum of this court.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

(1)     For an order declaring that Pruco Life Policy Number L8 814 364 was in force as of the date of Takashi Motose's death.

(2)     For the amount of the benefits due under the Policy of $700,000.00;

(3)     For interest under the Policy on the benefit payment not made, from the dates at which such payment should have been made;

(4)     For general damages according to proof;

(5)     For special damages according to proof;

(6)     For prejudgment interest on the damages alleged herein as allowed by law;

(7)     For attorneys' fees pursuant to *Brandt v. Superior Court*, and costs of suit incurred herein; and

COMPLAINT                                                                              Case No. 16-cv-6151

1   (8)    For such other and further relief as the Court may deem just and proper.

2   DATE: October 25, 2016                    ROSE PERKINS PELMULDER

3

4                                           By_____
                                              CHARLES B. PERKINS
5                                             Attorney for Plaintiff
                                              MOGJAN GHOLAMNEJAD
6

7                          DEMAND FOR JURY TRIAL

8          Plaintiff hereby demands a trial by jury.

9   DATE: October 25, 2016                    By_____
10                                            CHARLES B. PERKINS
                                              Attorney for Plaintiff
11                                            MOGJAN GHOLAMNEJAD

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                              Case No.